UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE ANN WEAVER,
                Plaintiff,

-v-

CAROLYN W. COLVIN,
                Defendant.

15-CV-6559 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 19.) Under that provision, "[w]henever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). That fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.*

    "[C]ourts approach contingent-fee determinations under § 406(b) by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (internal quotation marks and citation omitted). To assess reasonableness, courts in this District generally consider "1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor." *Id.* (internal citation omitted).

1

Here, Plaintiff's counsel seeks an attorney's fees award of $4,156.75. (Dkt. No. 20 at 4.) This amount represents twenty-five percent of Plaintiff's past-due Social Security benefits — the percentage provided for in the contingency-fee agreement between Plaintiff and her counsel — minus the $6,330.50 that was authorized to pay Plaintiff's lawyer at the administrative level. (Dkt. No. 20 at 2.) At the federal-court level, Plaintiff's attorneys and paralegals logged 9.45 total hours: 3.4 attorney hours and 6.05 paralegal hours. (Dkt. No. 20 at 3.) Assuming that paralegal hours are billed at $100/hour, the requested award would result in a *de facto* attorney hourly rate of $1,044.63. (*See id.*)

The Commissioner points out that Plaintiff's counsel filed his motion for § 406(b) fees six months after Plaintiff received notice of her award, making the request untimely. In general, a fees motion must be filed within fourteen days of the claimant receiving notice of the benefits calculation. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). But the Second Circuit has indicated that the limitations period does not start to run until "counsel receives notice of the benefits award" as well. *Id.* at 88. And, in any event, the fourteen-day limitations period "is not absolute." *Id.* at 89. District courts may enlarge that period "where circumstances warrant." *Id.* Here, although Plaintiff received notice of her award on April 1, 2020 (Dkt. No. 21–1), counsel did not learn of the potential availability of attorney's fees until October 1, 2020 (Dkt. No. 20 at 2). Since counsel could not have filed a § 406(b) motion without that knowledge, the Court concludes that the fourteen-day period ought to run from October 1, 2020. Counsel's motion, which was filed on October 14, 2020, is therefore timely.

The Court also concludes that the requested award is reasonable. The Commissioner notes that some courts in the Second Circuit have viewed hourly rates akin to the one counsel has requested to be "a windfall and unreasonable." (Dkt. No. 21 at 3.) In general, however, courts

2

have declined to enforce a strict cutoff above which an hourly rate is automatically unreasonable, and courts in this Circuit have awarded higher fees than the sum at issue here. *See, e.g.*, *Valle*, 2019 WL 2118841, at *3-4 (awarding fees with a *de facto* hourly rate of $1,079.72); *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *2-3 (E.D.N.Y. July 15, 2011) (awarding fees with an hourly rate of $2,100); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (awarding fees with an hourly rate of $1,051.64). Though the *de facto* hourly rate Plaintiff's counsel requests here is "certainly high, that number is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees." *Valle*, 2019 WL 2118841, at *3. The Court therefore concludes that the requested fee award does not constitute an impermissible windfall to counsel.

Accordingly, Plaintiff's motion for $4,156.75 in attorney's fees is granted, provided that counsel refunds to Plaintiff the amount the Court previously awarded to counsel under the Equal Access to Justice Act ("EAJA"). *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee." (cleaned up)).

The Clerk of Court is directed to close the motion at Docket Number 19.

SO ORDERED.

Dated: July 6, 2021
      New York, New York

                                              J. PAUL OETKEN
                                         United States District Judge